# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

**CHRISTOPHER J. BAILEY,**

    **Movant,**

v.                                                        **Case No. 2:16-cv-06190**
                                                               **Case No. 2:95-cr-00002**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant, Christopher J. Bailey's (hereinafter "Defendant") Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 219). This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On January 4, 1995, Defendant was indicted on one count of kidnapping, in violation of 18 U.S.C. § 1201(a)(1), and one count of interstate domestic violence, in violation of 18 U.S.C. § 2261(a)(2). Following a jury trial on May 23, 1995, Defendant was convicted on both counts. At the time of his trial, interstate domestic violence occurred when a person causes a spouse to cross a state line "by force, coercion, duress, or fraud and" that person "in the course or as a result of that conduct, intentionally commits a crime of violence and thereby causes bodily injury." 18 U.S.C. § 2261(a)(2) (1995).

At trial, the district court instructed the jury that "'crime of violence' means an offense that is a felony" and "has as one of its essential elements the use, attempted use, or threatened use of physical force against the person or property of another or an offense that by its very nature involves a substantial risk that such physical force may be used in committing the offense." (ECF No. 254, Ex. A at 889).[1] The district court further instructed the jury that the definition of a crime of violence "includes kidnapping and aggravated assault." (*Id.*)

Defendant was sentenced on September 1, 1995. After calculating the then-mandatory guideline range of 121-151 months, the district court departed upward pursuant to section 5K2.2 of the United States Sentencing Guidelines and imposed the maximum sentence for each count – life in prison on the kidnapping count, and a concurrent 20-year sentence on the domestic violence count.

Defendant appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit, which affirmed his conviction and sentence on May 2, 1997. *United States v. Bailey*, 112 F.3d 758 (4th Cir. 1997).

On May 4, 1998, Defendant filed his first Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF No. 166). That motion was denied on August 28, 1998. (ECF Nos. 179, 180). Defendant filed a second section 2255 motion on September 12, 2013 (ECF No. 210), which was denied on August 10, 2016 (ECF Nos. 228, 229).

On June 26, 2015, the Supreme Court decided *United States v. Johnson*, 135 S. Ct. 2551 (2015), holding that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague and further finding that imposition

---

[1] The first part of this definition is found in 18 U.S.C. § 16(a) and is commonly known as the "force" or "elements" clause (hereinafter "the force clause"). The second part of this definition is found in 18 U.S.C. § 16(b) and is commonly known as "the residual clause."

of an increased sentence thereunder violates due process. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 136 S. Ct. 1257 (2016), in which the Court determined that *Johnson* changed the substantive reach of the ACCA, and therefore was a substantive, rather than a procedural decision, because it affected the reach of the underlying statute rather than the judicial procedures by which the statute was applied. Therefore, the Court held that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.

Defendant sought and received authorization from the Fourth Circuit to file the instant section 2255 motion in order to pursue a claim under *Johnson. In re: Christopher Bailey*, No. 16-9977 (4th Cir. Aug. 10, 2016). This court then appointed the Office of the Federal Public Defender for the Southern District of West Virginia to represent Defendant in this matter. Upon Defendant's motion, the undersigned stayed these proceedings pending the Supreme Court's decision in *Dimaya v. Lynch*, No. 15-1498, *aff'd sub nom. Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).

On April 17, 2018, the Supreme Court issued its opinion in *Dimaya* holding that the residual clause contained in 18 U.S.C. § 16(b) is void for vagueness under a similar analysis to that in *Johnson v. United States*, 135 S. Ct. 2551 (2016). Thus, the undersigned lifted the stay in this matter, and ordered additional briefing, which will be discussed as necessary *infra*. This matter is now ripe for adjudication.

## DISCUSSION

Defendant's Supplemental Brief in support of his section 2255 motion asserts that, in the wake of *Johnson* and *Dimaya*, his conviction for interstate domestic violence under 18 U.S.C. § 2261(a)(2) cannot stand because the jury was given a flawed definition of a crime of violence, as defined in 18 U.S.C. § 16. (ECF No. 254 at 1, 8). Consequently,

Defendant asserts that his interstate domestic violence conviction should be vacated and he should be resentenced on the remaining kidnapping count. (*Id.*) Specifically, Defendant's Supplemental Brief states:

> As instructed by this Court, the Government was required to prove four things to secure a conviction on that charge: (1) that Bailey and Sonya were spouses; (2) that Bailey caused Sonya to cross a state line by the use of force, coercion, or duress; (3) that Sonya suffered bodily injury; and, most relevant to this proceeding, (4) that "in the course of or resulting from causing his wife to cross a state line by the use of force, coercion, or duress, the defendant intentionally committed a crime of violence." Exhibit A at 887-888.
>
> Unlike the similar crime of violence element in a prosecution under 18 U.S.C. § 924(c), this Court did not categorically determine that a particular offense met the definition of crime of violence and instruct the jury on the elements of that offense. *See, e.g., United States v. Fuertes*, 805 F.3d 485, 498 (4th Cir. 2015) ("In determining whether an offense qualifies as a 'crime of violence under either [the 924(c) force clause or residual clause]" the court must "employ the 'categorical approach' or the 'modified categorical approach.'"); *United States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016) ("[i]n determining whether an offense is a crime of violence under either clause, we utilize the categorical approach"); Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina*, 177-178 (2018 Online Edition). Instead, this Court instructed the jury on the definition of "crime of violence" found in 18 U.S.C. § 16.

(ECF No. 254 at 5-6).

Noting that section 16 has two definitional sections, consisting of what are commonly-known as the "force clause" and the "residual clause," Defendant asserts that his jury was instructed using both definitions, and was told that the definition included kidnapping and aggravated assault. However, the Court did not provide the jury with the elements of those offenses.

Consequently, Defendant asserts that the "definition of crime of violence given to the jury was unconstitutionally vague" because, similar to the ACCA's residual clause addressed in *Johnson*, the *Dimaya* Court found that "§ 16(b) requires the court to identify

4

a crime's 'ordinary case' in order to measure the crime's risk, but '[n]othing in § 16(b) helps the court to perform that task.'" (*Id.* at 6-7). Defendant further notes that "§ 16(b)'s 'substantial risk' threshold is no more determinate than the ACCA's 'serious potential risk' threshold." (*Id.* at 7). Thus, based upon *Dimaya*'s straightforward application of the new substantive rule in *Johnson*, Defendant contends that these factors should retroactively apply to invalidate his interstate domestic violence conviction. (*Id.* at 7-8).

The Government's Response to the Defendant's Supplemental Brief asserts that Defendant's section 2255 motion should be denied because kidnapping, the offense that serves as the alleged crime of violence to support Defendant's interstate domestic violence conviction, is categorically a crime of violence under the force clause contained in 18 U.S.C. § 16(a), on which the jury was also instructed. Thus, the Government contends that, notwithstanding the invalidation of the residual clause, his kidnapping conviction still satisfies the crime of violence definition and both of his convictions and sentences should stand. (ECF No. 255 at 2, 8). The Response further states:

> In the defendant's case, the underlying crime of violence was kidnapping under 18 U.S.C. § 1201(a). To establish an offense under 18 U.S.C. § 1201(a), "the government must prove that (1) the victim was seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away; (2) the victim was held; and (3) federal jurisdiction." *United States v. Wills*, 234 F.3d 174, 177 (4th Cir. 2000) (footnote omitted).

(*Id.* at 8).

The Government further asserts that "[k]idnapping requires at least the threatened use of force." *United States v. Patino*, 962 F.2d 263, 267 (2d Cir. 1992) ("That the crime of kidnapping involves the threatened use of physical force against a person and is thus a crime of violence under [924(c)(3)] cannot be questioned."); *United States v. Salemi*, 26 F.3d 1084, 1087 (11th Cir. 1994) ("The Commission recognized that kidnapping

5

inherently involves the threat of violence."). (*Id.* at 8-9). Thus, the Government contends that, regardless of the means used, "holding a victim against his or her will categorically requires the use, attempted use, or threatened use of force . . . ." (*Id.* at 9).

The Government's Response further asserts that, even after *Dimaya*, the residual clause of § 16(b) is not unconstitutional under the circumstances of Defendant's case. The Response contends that *Dimaya* did not hold "that language like § 16(b)'s invariably mandates a categorical approach under which a court must disregard real-world conduct in favor of attempting to identify the 'ordinary case' of a particular crime." (*Id.* at 11). The Government contends that "courts should construe § 16(b) to require a case-specific approach that considers the defendant's own conduct, rather than the 'ordinary case' of his crime." (*Id.* at 12). The Response further states:

> Such a case-specific approach makes particular sense in the context of § 16(b) as incorporated in 18 U.S.C. § 2261(a), which – unlike § 16(b) incorporated in the INA or the ACCA – employs the term "crime of violence" to describe the circumstances of the conduct for which the defendant is *presently* charged.
>
> * * *
>
> Applying the "crime of violence" definition in § 16(b) in a case-specific manner thus allows consideration of a defendant's own conduct. Construing the statute to incorporate such an approach is consistent with its text, context, and interpretation by the Supreme Court. Further, under the case-specific approach any conceivable error in this case would be harmless beyond a reasonable doubt in light of the overwhelming evidence of defendant's use of violence during the kidnapping.

(*Id.* at 12-13). In essence, the Government asserts that "[t]he categorical approach serves a purpose when evaluating prior state convictions committed long ago in fifty jurisdictions with divergent laws . . . . [b]ut it does not serve that purpose in the context of § 16(b) as incorporated in 18 U.S.C. § 2261, where a jury has the factual record of the

6

underlying offense before it and must determine whether the defendant committed that offense before determining whether the defendant violated 18 U.S.C. § 2261." (*Id.* at 18).

Finally, the Government asserts that, "[e]ven if § 16(b) is unconstitutionally vague in the context of 18 U.S.C. § 2261, and the jury instruction given at defendant's trial was erroneous, any such error was harmless in determining whether his kidnapping offense qualified as a crime of violence." (*Id.* at 19). The Government further contends that Defendant's violence in carrying out the instant kidnapping offense makes it clear beyond any reasonable doubt that a rational jury would have found him guilty of the § 2261 offense, absent any error. (*Id.*)

Defendant's Reply contends that the court is bound to apply the categorical approach in this matter. The Reply states:

> [T]he language of § 16 itself requires the use of the categorical approach, not a case-specific approach, even without the Sixth Amendment concerns that arise when prior convictions are at issue. *See Mathis v. United States*, 136 S. Ct. 2243, 2252 (2016). The Supreme Court reinforced that conclusion in *Dimaya* where it recognized that the plurality of the Court, as well as the Chief Justice writing in dissent (a dissent which attracted three other signers) and the Government itself "accepts that § 16(b), as long interpreted, demands a categorical approach, rather than a case-specific one." *Dimaya*, 138 S. Ct. at 1216. The Fourth Circuit has recognized the nature of § 16 and applied [*Leocal v. Ashcroft*, 543 U.S. 1 (2004)] to require a categorical approach. *See Garcia v. Gonzalez*, 455 F.3d 465, 468 (4th Cir. 2006) ("[w]e turn next to 18 U.S.C. § 16(b), which we analyze under what is called the categorical approach"); *Mbea v. Gonzalez*, 482 F.3d 276, 279 (4th Cir. 2007) (the "question of whether a conviction falls within the ambit of 18 U.S.C. § 16 is a categorical one.")

(ECF No. 256 at 2-3). Defendant further contends that this analysis is not changed by the fact that the § 16 definition is being applied to contemporaneous conduct and not to analyzing a prior conviction. (*Id.* at 3-4). Thus, Defendant contends, "[u]ntil the Supreme Court says otherwise, § 16(b) must be analyzed using the categorical approach." (*Id.* at 5).

Defendant's Reply further asserts that, although the Government has focused on the federal offense of kidnapping as the offense that allegedly serves as the crime of violence for Defendant's interstate domestic violence conviction, "kidnapping was never specifically identified as ***the*** crime of violence [Defendant] committed, only one potential crime of violence in an unlimited universe of them." (*Id*. at 5). Thus, Defendant asserts that "the status of kidnapping as a crime of violence is largely irrelevant to [Defendant's] § 2255 motion." (*Id*.)  His Reply further states:

> Interstate domestic violence is not charged or instructed in the same way as a similar statute, such as 18 U.S.C. § 924(c).  In 924(c) cases, the indictment must charge the specific crime of violence during which the defendant possessed a firearm.   The jury must then be instructed not only of that particular crime of violence but of the elements that constitute it.  *See United States v. Randall*, 171 F.3d 195, 198 ([4th Cir. 1999]) ("the predicate crime of violence or drug trafficking crime charged in the indictment is an essential element of a § 924(c) offense.").  By contrast, the indictment in this case simply charged that [Defendant] "did intentionally commit a crime of violence and cause bodily injury to his wife."  Dkt. No. 13 at 2.  The indictment does not identify the crime of violence as kidnapping or anything else.

(*Id*. at 5-6).

Defendant further notes that the jury instructions were "similarly unbounded." (*Id*. at 6).  Although the instructions specifically mentioned kidnapping and aggravated assault, the court did not instruct the jury on the elements of those offenses and did not limit the crime of violence to either of those offenses.  (*Id*.)  Thus, Defendant contends that "[t]he jury was sent on a wide ranging quest for a crime of violence without any specific target," which Defendant claims was further vexed by the difficulty of applying the now void residual clause, and that any error in such application was not harmless. (*Id*. at 6-7, 11-12).

8

Defendant asserts that the Fourth Circuit has acknowledged that the federal kidnapping offense is broader than the common law offense, which "meant to take and carry a person by force and against his will." *United States v. Young*, 512 F,2d 321, 323 (4th Cir. 1975). Defendant further asserts that federal kidnapping is not categorically a crime of violence under the force clause because it can be committed without the use of violence force. *See, e.g., United States v. Jenkins*, 849 F.3d 390, 394 (7th Cir. 2017), *cert. granted and remanded*, 138 S. Ct. 1980 (May 14, 2018).[2] (*Id.* at 7-11).

Specifically, Defendant notes that, because federal kidnapping may be accomplished through "nonphysical, nonforcible" means such as "inveiglment and decoy," it does not require the use, attempted use or threatened use of physical force. Defendant further attempts to distinguish the Government's argument that the act of holding someone meets the physical force element that is required to commit federal kidnapping on the basis that "holding" allows for unlawful physical **or mental** restraint. (*Id.* at 8). Thus, his Reply further asserts, holding can be accomplished without physical force, and that the cases on which the Government relies do not suggest otherwise. (*Id.* at 9-10) (citations omitted).

Finally, Defendant asserts that, if this court agrees that his interstate domestic violence conviction cannot stand, he should be resentenced on his kidnapping conviction because, even though his life sentence is not directly impacted by the *Johnson/Dimaya* argument, the "sentencing package doctrine" dictates that he should be entitled to resentencing. (*Id.* at 13). Defendant asserts that the district court "should be free to

---

[2] As noted by Defendant, the Supreme Court granted certiorari in *Jenkins* and remanded the matter to the Seventh Circuit for further consideration of whether Jenkins' conviction under 18 U.S.C. § 924(c) is also unconstitutionally vague in light of *Dimaya*. It does not appear to call into doubt the finding that kidnapping is not a crime of violence under the force clause.

reconstruct the sentencing package" in a manner consistent with "the guidelines, the 3553(a) factors, and the court's view concerning the proper sentence in light of all of the circumstances." (*Id.*) (quoting *United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014); *see also United States v. Hadden*, 475 F.3d 652, 669 (4th Cir. 2007) ("the sentencing-package theory has support in our case law"). Defendant asserts that this theory applies both on direct and collateral review. *See United States v. Smith*, 115 F.3d 241, 244-45 (4th Cir. 1997). (*Id.*)

## PROPOSED FINDINGS

The undersigned proposes that the presiding District Judge **FIND** that the new substantive rule in *Johnson*, as extended by the Supreme Court in *Dimaya*, renders the residual clause contained in 18 U.S.C. § 16(b) void for vagueness. Thus, because the residual clause could have been used by the jury in finding Defendant guilty of interstate domestic violence, the undersigned further proposes that the presiding District Judge **FIND** that Defendant's section 2255 motion is reviewable by this court, and the proper inquiry is to determine whether defendant's interstate domestic violence conviction may still stand based upon the force clause contained in 18 U.S.C. § 16(a). *See United States v. Winston*, 850 F.3d 677 (4th Cir. 2017) (where a now-void residual clause could have implicated a defendant's conviction or sentence, the defendant relies upon a new rule of constitutional law within the meaning of 28 U.S.C. § 2244(b)(2)(A)).[3]

---

[3] To the extent that the Government has argued that Defendant's claim is procedurally defaulted, the presiding District Judge should **FIND** that Defendant is able to establish cause for the failure to previously raise this claim and prejudice therefrom because the state of law at the time of his conviction did not provide a "reasonable basis" for such challenge since the residual clause was a valid alternative means of determining the crime of violence element. *See, e.g., United States v. Sabetta*, 221 F. Supp.3d 210, 225 (D.R.I. 2016).

Using the categorical approach, as the undersigned believes this court is required to do, the undersigned proposes that the presiding District Judge **FIND** that federal kidnapping (which the undersigned believes to be the operative offense to be considered in determining the "crime of violence" element), may be accomplished without the use, attempted use, or threatened use of physical force. Consequently, absent the residual clause in § 16(b), federal kidnapping cannot be considered a crime of violence that can satisfy that element of interstate domestic violence. Therefore, Defendant's conviction under 18 U.S.C. § 2261(a)(2) cannot stand, and the undersigned proposes that the presiding District Judge **FIND** that Defendant is entitled to relief under section 2255.[4]

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendant's Motion to Vacate, Set Aside or Correct Sentence (ECF No. 219) and vacate and set aside Defendant's judgment. In accordance with 28 U.S.C. § 2255(b), the District Court may then discharge Defendant, resentence him, or correct his sentence as may appear appropriate.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United

---

[4] Furthermore, because Defendant's counts of conviction appear to be interdependent, and in light of the now-advisory Sentencing Guidelines, the presiding District Judge should consider resentencing Defendant on the kidnapping count under the "sentencing package doctrine." *See, e.g., United States v. Fowler*, 749 F.3d 1010 (11th Cir. 2014); *United States v. Ventura*, 864 F.3d 301, 309 (4th Cir. 2017) ("the 'sentencing package doctrine' accounts for the holistic approach that a district court should employ when sentencing a defendant convicted of multiple offenses."); *United States v. Davis*, 112 F.3d 118, 120-121 (3d Cir. 1997) (section 2255 grants a district court broad and flexible power to resentence or correct a sentence as it deems appropriate).

States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

November 21, 2018

Dwane L. Tinsley
United States Magistrate Judge